simple vested in him; and further in trust, after the death of the said C. S., all legal incumbrances on said lands being first satisfied, to divide said lands, or the proceeds of the sale of said lands, among the wife and children of the said C. S., or among the children in case the said C. S. should leave no wife, according to the statute of distributions of the State of South Carolina."

The trustee paid the debts, and, by written consent of C. S., contracted in writing to sell the land to defendant. In the written consent of C. S., given to the trustee to make the sale, the proceeds were ordered to be applied to certain debts and liabilities contracted by the said C. S., or for the support and maintenance of his family, and of expenses of management of the trust property, the balance to be divided between his wife and children. Defendant refused to comply, alleging that the purpose of the sale was to work a revocation of the trust deed, which the trustee could not do. The Circuit judge (Cothran) decreed specific performance of the contract, and on appeal this decree was affirmed. OPINION by MR. CHIEF JUSTICE SIMPSON, March 10th, 1884. *C. E. Spencer,* for appellant. *Haynsworth & Cooper,* contra.

No. 1531. **Tompkins** *v.* **Tompkins.** November Term, 1883. Plaintiff brought action for foreclosure of mortgage, making a junior judgment creditor a party defendant. This defendant answered, admitting the mortgage, but alleging that certain rents received from the mortgaged property, and from a policy of fire insurance, should be credited on the mortgage. On this defendant's motion, Judge Hudson referred the cause to a master to " take testimony and state the amounts due upon the mortgage debt and upon the judgment, and report the same to this court, all equities reserved." Plaintiff appealed from this order, upon the ground that the issues of law should have been decided by the court before a reference was ordered, and that it was error to refer the cause to a master to decide issues of law and fact. *Held,* that the order authorized a report on the facts of the case, including the facts connected with the alleged credits but not a decision of the legal questions involved, and that the order of reference was proper. OPINION by MR. CHIEF JUSTICE SIMPSON, March 10th, 1884. *Ernest Gary,* for appellant. *B. W. Bettis,* contra.